FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 31  AM 11: 34

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILHELMENA COOK** | **CIVIL ACTION NO 04-3032** |
| **VERSUS** | |
| **DIANA HAYS, THE XYZ INSURANCE COMPANY, OPTIONS INC., AND THE ABC INSURANCE COMPANY** | **SECTION M** |

## ORDER

Before the Court is Plaintiffs Motion for Partial Summary Judgment and Defendants' Cross Motion for Summary Judgment which came for hearing on May 24, 2006, on the briefs. After consideration of the motions, the briefs and the applicable law, the Court denies plaintiff's motion and grants defendants' motion, in part.

**FACTS:**

This is a claim for overtime payments under the Fair Labor Standards Act (FLSA), 29 U.S.C. §213(b) and penalties and fees based upon La. R.S. 23:631 and 632, as well as a claim for damages for defamation, business libel and slander.

Plaintiff Wilhelmena Cook began working at Options Inc., (Options) a non-profit corporation in Hammond, Louisiana that provides home health care on March 24, 1998. She is trained as a radiology technician, but did not work at this capacity at Options. She

```
___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No_____
```

is not a registered nurse or practical nurse and has no other specialized training or experience, except CPR and first aid certification. Upon completion of a two-week orientation provided by Options, she was given a handbook containing the Options' policies and procedures. Cook was responsible for preparing meals, assisting her client with baths, transportation, social functions, grocery store and doctor's visits. Cook testified that she assisted the client with daily exercises and completion of the daily schedule that was outlined in a Plan of Care required by the state and supervised by a registered nurse. She testified that she spent less than five percent of her time performing housework. Cook had several disciplinary issues while working for Options, was suspended three times during her tenure, and was terminated on January 28, 2003.

Cook was compensated at $6.43 per hour. Overtime work is compensated at time and half of the regular hourly rate. She testified that she received overtime pay before July 21, 2000, but not after that time. She claims that for this period of employment she is entitled to receive approximately $48,000 in overtime compensation.

Defendants claim that, based upon her job responsibilities and lack of specialized training and skill, Cook does not qualify for overtime pay as she fits into the companionship exemption for the FLSA overtime provision.

**ANALYSIS:**

Cook is exempt from FLSA overtime provisions because, while employed by Options as a direct care assistant, she provided mainly companionship services within the meaning of 29 U.S.C.§213(a)(15) and 29 C.F.R. §552.6. Cook's training and duties fall short of

her being considered "trained personnel"; therefore, the defendants are entitled to the companionship services exemption as a matter of law.

**ACCORDINGLY**, Plaintiff's motion for Partial Summary Judgment is **DENIED**. Defendant's Motion for Summary Judgment regarding the FLSA is **GRANTED**. Plaintiff's pendant state claims are **REMANDED** to the 21st Judicial District Court of Tangipahoa Parish.

New Orleans, Louisiana, this 31st day of May, 2006.

_____
Peter Beer
United States District Judge